IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01127-PAB-MEH

EDWARD HOID,

    Plaintiff,

v.

GRAY MEDIA GROUP, INC. d/b/a CBS KKTV 11,

    Defendant.

## RECOMMENDATION TO ADMINISTRATIVELY CLOSE CASE

**Michael E. Hegarty, Chief United States Magistrate Judge**.

This matter is before the Court on pro se Plaintiff's oral Motion to Administratively Close Case ("Motion"), which he made at the September 20, 2024, Status Conference before me. ECF 46. Defendant responded, filing its Opposition to Plaintiff Edward Hoid's Request for Administrative Closure" ("Opposition"). ECF 47. For the following reasons, I respectfully recommend[1] that the Motion be **granted**.

Including this case, Plaintiff has initiated and attempted to litigate eleven (11) cases in this District. 24-cv-01127-PAB-MEH; 23-cv-00462-MEH; 23-cv-00616-PAB-KAS; 23-cv-00670-LTB-SBP; 23-cv-00681-LTB-KLM; 23-cv-00688-LTB-KLM; 23-cv-00711-LTB-SBP; 23-cv-

---

[1] Pursuant to D.C.COLO.LCivR 41.2, "A district judge or a magistrate judge exercising consent jurisdiction may order the clerk to close a civil action administratively subject to reopening for good cause." As the Parties declined magistrate judge jurisdiction, and I believe that administrative closure is appropriate, such action must be recommended to the District Judge on this case.

1

00869-KLM; 23-cv-01099-LTB-SBP; 23-cv-01100-LTB-SBP; 23-cv-01101-LTB-SBP. In nearly every one of these cases, Plaintiff filed letters or motions that detail some of his challenges in litigating the case during his incarceration, including explaining that he believes he will be released soon which will allow him to better litigate his cases without the facility's constraints on his access to certain resources. In fact, Plaintiff has filed approximately three dozen motions across these cases asking the Court to appoint counsel, for leave to amend his complaint, or for an extension of time. Based on the consistent representations made in these motions, and in Plaintiff's statements made on the record during the September 20, 2024, Status Conference, Plaintiff makes clear that he currently lacks the ability to respond substantively to matters in most of his cases. This has been a recurring problem since Plaintiff's incarceration. It is a drain on both judicial and party resources for Plaintiff to continually need to seek additional time to litigate his case when the cause of such delay stems from Plaintiff's alleged lack of resources due to his incarceration, which he represents will be ending sometime in the near future.

In similar situations with incarcerated litigants, it is common in this District for the Court to order or recommend administrative closure until such time as the pro se litigant regains their ability to fully participate in the litigation through adequate access to resources. *See, e.g.*, *Clark v. Pacheco*, No. 21-cv-0008-RM-NYW, 2021 WL 1340990 (D. Colo. Mar. 5, 2021*), report and recommendation adopted*, No. 21-cv-00008-RM-NYW, 2021 WL 1339412 (D. Colo. Apr. 9, 2021); *Montgomery v. Crane*, No. 18-cv-02911-RM-NYW, 2021 WL 1269132 (D. Colo. Mar. 5, 2021), *report and recommendation adopted*, No. 18-cv-02911-RM-NYW, 2021 WL 1265330 (D. Colo. Apr. 6, 2021); *Mostafa v. Garland*, 20-cv-00694-PAB-NYW, 2022 WL 225319 (D. Colo. Jan. 26, 2022), *report and recommendation adopted*, 20-cv-00694-PAB-NYW, 2022 WL 462099

(D. Colo. Feb. 15, 2022); *Brandt v. Garegnani*, 19-cv-03706-DDD-MEH, 2021 WL 12150701 (D. Colo. Oct. 22, 2021), *report and recommendation adopted*, 19-cv-03706-DDD-MEH, 2022 WL 21795955 (D. Colo. Jan. 24, 2022).

District courts have broad discretion in managing their own dockets. *United States v. Nicholson*, 983 F.2d 983, 988 (10th Cir. 1993). The District's Local Rule allowing administrative closure of a case provides "a way for the court to manage its docket by 'shelv[ing] pending, but dormant, cases[ ]' without a final adjudication." *Mostafa*, 2022 WL 225319, at *3 (citing *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 (1st Cir. 1999). "The Tenth Circuit has construed an administrative closure to be 'the practical equivalent of a stay.'" *Wiggins v. Raemisch*, 17-cv-00681-PAB-KLM, 2018 WL 6837760, at *1 (D. Colo. Dec. 31, 2018) (citing *Quinn v. CGR*, 828 F.2d 1463, 1465 n.2 (10th Cir. 1987)). Five factors guide a court's determination of whether to stay a case:

> 1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

This case presents appropriate circumstances justifying administrative closure subject to reopening for good cause under the Local Rule. First, it is Plaintiff's desire to administrative close this case. Second, while the Court notes that Defendant objects to doing so (for good reason, as articulated in their Opposition) an administrative closure would not impose a large burden on Defendant. If this case is ever reopened, it will have the ability to simply refile the Motion to Dismiss that is already pending on the Docket. Third, this specific case likely does not significantly

3

impact any persons who are non-parties to it. Finally, as Plaintiff continues to express an inability to efficiently litigate this case due to his current circumstances, the public interest in judicial efficiency, resource management, and a just resolution favor administratively closing this case until Plaintiff can meaningfully participate in it. Moreover, the case is fairly new, having been filed only months ago, so it will not burden the judicial system with a languishing civil case.

For these reasons, I respectfully RECOMMEND[2] that this case be administratively closed until such time as the Plaintiff determines he can and will pursue it (and files a motion demonstrating good cause to reopen this civil action), or the Parties file dismissal paperwork. An administrative closure will automatically terminate any pending motion. D.C.COLO.LCivR 41.2.

Respectfully submitted this 7th day of October, 2024, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
Chief United States Magistrate Judge

---

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Finally, all parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.