IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01127-PAB-MEH

EDWARD HOID,

    Plaintiff,

v.

GRAY MEDIA GROUP, INC. d/b/a CBS KKTV 11,

    Defendant.

## ORDER

**Michael E. Hegarty, Chief United States Magistrate Judge**.

This matter is before me on my Recommendation to Administratively Close Case ("Recommendation") [ECF 48] and several new developments in this case since I issued it. In the Recommendation, I recommended that this case be administratively closed. For the reasons that follow, I hereby **withdraw** my Recommendation. ECF 48.

At the September 20, 2024 Status Conference before me, pro se Plaintiff made an oral Motion to Administratively Close Case ("Motion"). ECF 46. Plaintiff asserted that a decision from the parole board regarding his release was imminent, and that he couldn't effectively prosecute this case while incarcerated. *Id*. Defendant filed an Opposition to the Motion on October 16, 2024, arguing that the case should not be administratively closed. ECF 47. Shortly thereafter, I recommended to Chief Judge Brimmer that Plaintiff's Motion be granted. ECF 48. Defendant objected to my Recommendation. ECF 51.

1

On October 25, 2024, Defendant moved to supplement its Objection to my Recommendation, seeking to provide additional information for Chief Judge Brimmer's consideration in ruling on my Recommendation. ECF 52. On November 19, 2024, Chief Judge Brimmer granted that request, and thus agreed to consider both Defendant's initial Objection and its Supplement [ECF 52-1, refiled at ECF 55] in ruling on my Recommendation. ECF 54. I believe Defendant's Supplement provides the Court with new, material facts which requires that I revisit my Recommendation.

I recommended that this case be administratively closed based almost entirely on Plaintiff's representation on the record at the September 20, 2024 Status Conference—as well as in many of his filings in the other eleven cases that he has filed in this District—"that he currently lacks the ability to respond substantively to matters in most of his cases" as a result of his incarceration. ECF 48 at 2. Moreover, Plaintiff also represented at the Conference—and in several filings in his other cases—that his incarceration "will be ending sometime in the near future," which would allow him more access to resources to be able to effectively litigate this case. *Id*. While that may have been true at the time that I issued the Recommendation, the circumstances of Plaintiff's incarceration and his apparent willingness to engage in substantive litigation at this time have since changed.

In its Supplement, Defendant brings pertinent new facts to the Court's attention that were unavailable at the time of my Recommendation or Defendant's original Opposition. ECF 55. Specifically, Defendant provides a sworn Declaration by Gregory Szewczyk, counsel for Defendant, which details and attaches exhibits showing two additional state court cases that Plaintiff has filed in the weeks following my Recommendation. ECFs 55-1, 55-2. The Supplement

argues that Plaintiff is not, in fact, "having difficulty representing himself while incarcerated" as he has filed two new lawsuits less than one month after he moved the Court to administratively close the instant case due to the constraint on his ability to substantively participate in litigation while incarcerated. ECF 55 at 2–3. I agree with Defendant that Plaintiff's initiation of two entirely new lawsuits suggest that administrative closure is not appropriate in this case.

Moreover, Plaintiff's state of incarceration has changed since my Recommendation. On October 31, 2024, Plaintiff filed a Notice of Change of Address on the Docket, indicating that he is now housed at the Larimer County Community Corrections facility, rather than Arrowhead Correctional Center where he previously was. ECF 53. In my view, this change in housing critically changes the calculus for administrative closure. Plaintiff claimed that he lacked meaningful access to certain resources while incarcerated at his previous facility, which hindered his ability to litigate this case. However, given the change in facility, that may no longer be true depending on the facility's policies and procedures, and the status of Plaintiff's incarceration there.

## CONCLUSION

In light of the foregoing changed circumstances, I no longer believe that this case should be administratively closed. Accordingly, I **withdraw** my Recommendation. ECF 48.

For all the same reasons, I **deny** Plaintiff's oral Motion for Administrative Closure. ECF 46.

Accordingly, Plaintiff shall respond to Defendant's "Special Motion to Dismiss Plaintiff's Complaint (Anti-SLAPP Motion) Pursuant to § 13-20-1101(3)(a), C.R.S." [ECF 9] on or before **December 6, 2024**.

Along with this Order, the Clerk of Court shall mail Plaintiff a copy of Defendant's Motion

to Dismiss at ECF 9 and all its attachments.

Finally, I **stay** Defendant's deadline to respond to Plaintiff's "Motion to Request Permission to Amend Complaint" [ECF 43] and "Motion to Show Good Cause" [ECF 44] until after a decision on the Motion to Dismiss is issued.

Entered this 20th day of November, 2024, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
Chief United States Magistrate Judge