IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01127-PAB-MEH

EDWARD HOID,

    Plaintiff,

v.

GRAY MEDIA GROUP, INC. d/b/a CBS KKTV 11,

    Defendant.

## RECOMMENDATION OF CHIEF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, Chief United States Magistrate Judge**.

This matter is before me on Defendant Gray Media Group, Inc.'s "Special Motion to Dismiss Plaintiff's Complaint (Anti-SLAPP Motion) Pursuant to § 13-20-1101(3)(a), C.R.S." ("Motion"). ECF 9. Plaintiff Edward Hoid's deadline to respond to the Motion has passed, and he did not file a Response.[1] ECF 56; *see* Docket. As follows, I respectfully recommend that Defendant's Motion be **granted**.

---

[1] Plaintiff filed a "Motion for Extension of Time to File Response" requesting a sixty-day extension of time to file his Response. ECF 58. However, this request is the practical equivalent of Plaintiff's previously denied motion to temporarily administratively close the case. *See* ECFs 46, 48, 56. As I wrote in my Order withdrawing my earlier Recommendation to administrative closure, Plaintiff has demonstrated that he is more than able to litigate this matter by his active participation in this case and his continued filing of new actions in other courts. ECF 56. Moreover, the instant Motion has been pending for over *seven months*, which is ample time for Plaintiff to have researched his claims and prepared a Response. *See* ECF 9. Further, as I will discuss in this Order, Plaintiff has filed and litigated several other actions both in this district court and others that are nearly identical to this one; thus, he is well-versed in the subject matter of his claims and the defenses raised against them. I have been extremely understanding of the strains that Plaintiff's incarceration has placed on his ability to timely litigate this case, but with his recent actions and change of circumstance, I cannot allow Plaintiff to continue to delay what I believe is the legally inevitable end to this case.

1

## BACKGROUND

This case arises out of the death of a 71-year-old man that occurred on November 5, 2020. ECF 4; ECF 9 at 1–2. The Longmont Department of Public Safety (the "Department") investigated the death and made two posts about the investigation on its official Facebook page:



2



ECFs 9-3, 9-4.[2] Defendant, a media company, posted a news report (the "Article") about the

---

[2] Defendant attached screenshots of the Department's Facebook posts and its Article to its Motion. ECFs 9-3, 9-4, 9-5. "Generally, the sufficiency of a complaint must rest on its contents alone." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (internal citation omitted). Limited exceptions in which courts may consider materials beyond the four corners of the complaint without converting a motion to dismiss into a motion for summary judgment including "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Id.* (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)). I find that the Article and the Facebook posts meet this exception

investigation online. ECF 9 at 3. In the Article, titled "Elderly cyclist reportedly attacked in Colorado dies days later; police ask for help identifying persons of interest in the case," Defendant embedded the above two Facebook posts from the Department. *Id.*; ECF 9-5. In addition to the embedded Facebook posts, the Article included a photo of Plaintiff from the Department's Facebook post with the caption "Person of interest in a robbery case out of Colorado where the victim later died." ECF 9 at 3; ECF 9-5. The text of the Article read as follows:

> LONGMONT, Colo. (KKTV) - What started as an apparent robbery has turned into a deadly encounter as police in Colorado ask for help with tracking down several persons of interest in the case.
>
> According to police, someone was robbed on the Greenway between Lowes and the Recreation Center on the southeast side of Longmont back on Nov. 5. One of the persons of interest was last seen riding a green Bridgestone bike taken from the victim.
>
> The Longmont-Times-Call is reporting the victim in the robbery was a 71-year-old man. Longmont police reported on Wednesday that the victim has since passed away.
>
> If you know the person pictured at the top of this article or anyone pictured at the bottom, you're asked to call 303-651-8584. They are persons of interest in the case.

ECF 9-5; Tony Keith, *Elderly cyclist reportedly attacked in Colorado dies days later; police ask for help identifying persons of interest in the case*, CBS KKTV, Nov. 18, 2020.

Plaintiff was arrested and ultimately charged for other crimes unrelated to the November 5, 2020 death. ECF 9 at 3; ECF 4 at 2. The updated Facebook posts, embedded in the Article,

---

because they are the crux of Plaintiff's Complaint. *See* ECF 4. Moreover, if a case "falls within the anti-SLAPP statute's scope, then the Court must consider the pleadings and the supporting and opposing affidavits to determine whether the nonmoving party (the plaintiff) has established a reasonable likelihood of success on his claim." *Coomer v. Make Your Life Epic LLC*, 659 F. Supp. 3d 1189, 1198 (D. Colo. 2023), *appeal dismissed*, 98 F.4th 1320 (10th Cir. 2024) (quoting *Salazar v. Public Trust Institute*, 522 P.3d 242, 248 (Colo. App. 2022)). Thus, I consider the affidavits and exhibits attached to the Motion in deciding it without converting it to a motion for summary judgment.

explained as much: "Mr. Hoid has not been charged in the death of Mr. Randall Schubert." ECFs 9-3, 9-4. They also stated, "[a]s in any arrest, Mr. Hoid is presumed innocent." *Id*.

In 2023, Plaintiff began filing a slew of lawsuits in both Colorado federal and state court against various media entities based on their reporting of the Department's investigation into him. *See Hoid v. Fox News*, No. 23-cv-00670-LTB (D. Colo.); *Hoid v. CBS Evening News*, No. 23-cv-00711-LTB (D. Colo.); *Hoid v. ABC News*, No. 23-cv-01099-LTB (D. Colo.); *Hoid v. NBCU News Grp.*, No. 23-cv-01100-LTB (D. Colo.); *Hoid v. AMW – America's Most Wanted*, No. 23-cv-01101-LTB (D. Colo.); *Hoid v. FOX-31 News, et al.*, No. 2023CV000558 (Colo. Dist. Ct., Denver Cnty.); *Hoid v. NBC-9 News, et al.*, No. 2023CV000574 (Colo. Dist. Ct., Denver Cnty.); *Hoid v. ABC-7 News, et al.*, No. 2023CV000575 (Colo. Dist. Ct., Denver Cnty.); *Hoid v. CBS-4, et al.*, No. 2023CV000576 (Colo. Dist. Ct., Denver Cnty.); *Hoid v. Denver Post, et al.*, No. 2023CV000577 (Colo. Dist. Ct., Denver Cnty.); *Hoid v. Longmont Times-Call, et al.*, No. 2023CV000108 (Colo. Dist. Ct., Boulder Cnty.). Each of the federal cases were dismissed at the initial screening stage as legally frivolous under 24 U.S.C. § 1915(e)(2)(B)(i). The instant matter is Plaintiff's only lingering federal case asserted against a news station; it was not subject to the same 24 U.S.C. § 1915 initial screening procedure that the federal cases were because this is the only case that Plaintiff paid the filing fee in, which bypassed that process. *See* ECF 1.

## **LEGAL STANDARD**

Defendant brings this Motion under Colorado's anti-SLAPP statute, Colo. Rev. Stat. § 13-20-1101. It provides, in relevant part:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States constitution or the state constitution in connection with a public issue is subject to a special motion to dismiss unless the court determines that the plaintiff has established that there is a reasonable likelihood that the plaintiff will prevail on the claim.

Colo. Rev. Stat. § 13-20-1101(3)(a). The statute defines an "[a]ct in furtherance of a person's right

5

of petition or free speech under the United States constitution or the state constitution in connection with a public issue" to include "any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest," and "[a]ny other conduct or communication in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." Colo. Rev. Stat. § 13-20-1101(2)(a)(III)–(IV). As Colorado's anti-SLAPP statute is barely five years old, there is little Colorado state and federal caselaw interpreting it. Thus, Colorado courts often "look to California case law for guidance because Colorado's law closely resembles California's anti-SLAPP statute." *Am. Muckrakers PAC, Inc. v. Boebert*, 23-cv-01463-RMR-KAS, 2024 WL 3738932, at *6 (D. Colo. June 9, 2024) (quoting *L.S.S. v. S.A.P.*, 523 P.3d 1280, 1285 (Colo. App. 2022)) (internal quotation marks omitted). While not a settled issue in this Circuit, federal courts have applied Colorado's anti-SLAPP statute in their proceedings. *See*, *e.g.*, *id.*; *Moreau v. United States Olympic & Paralympic Comm.*, 641 F. Supp. 3d 1122 (D. Colo. 2022); *Coomer*, 659 F. Supp. 3d at 1199–201. Thus, I apply the relevant portions of it here.

The anti-SLAPP statute involves a two-step process. *Am. Muckrakers PAC, Inc. v. Boebert*, 2024 WL 3738932, at *6. First, courts must determine whether the defendant's alleged conduct was "in connection with a public issue or an issue of public interest." *Id.* (quoting *Coomer*, 659 F. Supp. 3d at 1199–1200. If it was, then in step two, "Plaintiff must go beyond his pleadings and present evidence that satisfies the Court that he is reasonably likely to prevail on the merits of his claims." *Coomer*, 659 F. Supp. 3d at 1200 (citing *L.S.S.*, 523 P.3d at 1285–86). Thus, the standard of review of a motion under the anti-SLAPP statute does not fit cleanly under either a Fed. R. Civ. P. 12 or 56 standard; instead, courts "must determine whether the basis of an anti-SLAPP motion is legal or factual." *Am. Muckrakers PAC, Inc. v. Boebert*, 2024 WL 3738932,

6

at \*6 (quoting *Coomer*, 659 F. Supp. 3d at 1203) (internal quotation marks omitted). "[I]f it is a legal challenge, the court analyzes it under a Rule 12 standard, but if it is a factual challenge, the court analyzes it under a Rule 56 standard." *Id*.

## ANALYSIS

The Complaint contains three claims for relief: defamation, false light, and child endangerment. ECF 4. Defendant argues that all three are barred by Colorado's anti-SLAPP statute and should be dismissed with prejudice. ECF 9. As to the first step of the anti-SLAPP statute, I agree with Defendant that Plaintiff's claims fall squarely within the scope of it. The Complaint arises out of the Article, a news story written and published publicly online, which is a quintessential form of "free speech under the United States constitution or the state constitution in connection with a public issue." Colo. Rev. Stat. § 13-20-1101(3)(a). Moreover, the subject of the Article involves a criminal investigation, which is undoubtedly a "public issue." *Id*.; *see also Bowers v. Loveland Pub. Co.*, 773 P.2d 595, 596 (Colo. App. 1988) ("The commission of a crime, prosecutions resulting from it, and judicial proceedings arising from the prosecutions are without question events of legitimate concern to the public."). Accordingly, I now turn to step two under the anti-SLAPP statute to determine whether Plaintiff has demonstrated a "reasonable likelihood" that he will prevail on his each of his claims. Colo. Rev. Stat. § 13-20-1101(3)(a). While Defendant has raised both legal and factual challenges to Plaintiff's claims, I first consider the legal bases for dismissal, applying a Fed. R. Civ. P. 12 standard. *Am. Muckrakers PAC, Inc. v. Boebert*, 2024 WL 3738932, at \*6.

Defendant asserts that Plaintiff's claims "fail[] as a matter of law for five separate reasons: (i) claim preclusion, (ii) the statute of limitations, (iii) the fair report privilege, (iv) unreasonable alleged defamatory meaning, and (v) failure to plead actual malice." ECF 9 at 7. Thus, Defendant

7

argues, Plaintiff cannot demonstrate a reasonable likelihood of success on his claims, and they must be dismissed with prejudice under the anti-SLAPP statute. *Id*. I agree.

First, Defendant asserts that Plaintiff "is precluded from relitigating the legal issues" already addressed in a recent state court order in the case *Hoid v. CBS-4, et al*., No. 2023CV000576 (Colo. Dist. Ct., Denver Cnty.) based on "claim preclusion." *Id*. Claim preclusion requires identical parties in both this case and the previous case. *Johnson v. Spencer*, 950 F.3d 680, 693 (10th Cir. 2020); *Meyer v. State, Dep't of Revenue, Motor Vehicle Div*., 143 P.3d 1181, 1185 (Colo. App. 2006). The state court case did not involve Defendant, and thus, claim preclusion does not apply here.

On the other hand, the doctrine of issue preclusion, also known as collateral estoppel, does apply. "[O]nce a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *SIL-FLO, Inc. v. SFHC, Inc*., 917 F.2d 1507, 1520 (10th Cir. 1990) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

> [I]ssue preclusion prohibits litigation of the issue in the second proceeding if four elements are met: (1) the prior proceeding was decided on a final judgment on the merits; (2) the issue in the current proceeding is identical to the issue actually adjudicated in a prior proceeding; (3) the party against whom issue preclusion is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (4) the party against whom issue preclusion is asserted is a party or in privity with a party in the prior proceeding.

*Foster v. Plock*, 394 P.3d 1119, 1123 (Colo. 2017). Issue preclusion does not require "mutuality of the parties"; when asserted defensively, a new defendant who was not a party to the first case may, in the second case, invoke issue preclusion to estop the same plaintiff from the first case from asserting the same issues from the first case against the new defendant in the second case. *Id*.; *see also Foster*, 394 P.3d at 1124 n.5.

That is the scenario we have here: Mr. Hoid is the plaintiff in both the state court proceeding

8

that Defendant relies on in asserting issue preclusion and in the instant case. Defendant Gray Media Group was not named in the preceding state court case, but that is not required. What is required—and what did happen—is Mr. Hoid asserted precisely the same claims of defamation, false light, and child endangerment in both cases, all arising out of the same reporting (although different news pieces written by different companies) of Mr. Schubert's death and the investigation into it, in which Plaintiff was named as a person of interest. *Compare* ECF 4, *with* Hoid v. CBS-4, et al., No. 2023CV000576 (Colo. Dist. Ct., Denver Cnty.); *see also* ECF 9-1 (the state court order).

In the state court order, Denver District Court Judge J. Eric Elliff granted a Motion to Dismiss with prejudice on Plaintiff's claims for defamation, false light, and child endangerment against another media entity for its reporting on Mr. Schubert's death and Plaintiff's status as a person of interest under Colorado's anti-SLAPP statute for Plaintiff's failure to demonstrate a reasonable likelihood of success on the claims. ECF 9-1. Specifically, Judge Elliff held that the claims were barred by the applicable statute of limitations, Plaintiff's alleged defamatory meaning is unreasonable, Plaintiff did not demonstrate actual malice as required to pursue a defamation claim, and Plaintiff's tort claims for false light publicity and child endangerment are unavailable under Colorado law. *Id*. Additionally, before Judge Elliff issued his Order, he allowed both Parties to fully brief the Motion to Dismiss and held two hearings on it. *Id*. at 1. Thus, all the elements of issue preclusion are met because: (1) Judge Elliff's Order was a final judgment on the merits; (2) the claims are identical and arise out of the same series of reporting on the same subject matter in the same timeframe; (3) Plaintiff was afforded "a full and fair opportunity to litigate the issue in the prior proceeding"; and (4) Mr. Hoid is the same plaintiff in both proceedings. *Foster*, 394 P.3d at 1123; ECF 4; ECF 9-1.

Accordingly, Plaintiff's claims are barred by Colorado's anti-SLAPP statute because

9

Plaintiff cannot demonstrate a reasonable likelihood of success on his claims, as Plaintiff is estopped from asserting them against Defendant under the doctrine of issue preclusion. While Defendant asserts additional legal bases for dismissal, I decline to reach them as issue preclusion is independently determinative of the matter. Moreover, although dismissal of a case is a harsh remedy it "is appropriate if 'it would be futile to allow the plaintiff an opportunity to amend.'" *Serna v. Denver Police Dep't*, 58 F.4th 1167, 1172 (10th Cir. 2023) (quoting *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006)). Here, there is nothing Plaintiff can plead in an amended complaint that would escape the outcome demanded by both Colorado's anti-SLAPP statute and the doctrine of issue preclusion. Thus, as amendment would be futile, I believe Plaintiff's claims should be dismissed with prejudice.

## CONCLUSION

I respectfully recommend[3] that Defendant's Special Motion to Dismiss [ECF 9] be **granted**, and that Plaintiff's claims be **dismissed with prejudice**.

Accordingly, I further recommend that all other pending motions be **denied as moot**. ECFs 43, 44, 58, 60.

---

[3] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

Entered this 13th day of December 2024, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
Chief United States Magistrate Judge

11