IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-01127-PAB-CYC

EDWARD HOID,

    Plaintiff,

v.

GRAY MEDIA GROUP, INC., d/b/a CBS KKTV 11,

    Defendant.

_____

**ORDER**
_____

The matter before the Court is the Recommendation of Chief United States Magistrate Judge [Docket No. 64].

### I.    BACKGROUND

On February 29, 2024, Mr. Hoid filed this case in state court. Docket No. 4. Mr. Hoid brings two claims against defendant Gray Media Group, Inc. ("Gray Media") for defamation based on Gray Media's news coverage surrounding an assault and robbery which Mr. Hoid disclaims having participated in. *Id.* at 2–10. On April 23, 2024, Gray Media removed the case to federal court. Docket No. 1. On April 30, 2024, Gray Media filed a motion to dismiss Mr. Hoid's complaint pursuant to Colo. Rev. Stat. § 13-20-1101(3)(a), which is Colorado's Anti-SLAPP statute.[1] Docket No. 9. In the motion to

---

[1] Mr. Hoid does not challenge the applicability of Colorado's Anti-SLAPP statute to these proceedings, and the Court will not consider the issue. *See* Docket No. 72. Moreover, for the reasons discussed below, the Court finds that Gray Media has shown that Mr. Hoid's claims should be dismissed, regardless of whether Gray Media's motion

dismiss, Gray Media asserts that Mr. Hoid's claims "fail as a matter of law for five separate reasons: (i) claim preclusion, (ii) the statute of limitations, (iii) the fair report privilege, (iv) unreasonable alleged defamatory meaning, and (v) failure to plead actual malice." *Id.* at 7.  Mr. Hoid did not file a response to Gray Media's motion to dismiss. *See* Docket No. 64 at 1 n.1 (noting that Mr. Hoid had seven months to file a response but did not do so).

On December 13, 2024, Chief Magistrate Judge Michael Hegarty issued a recommendation that the Court grant Gray Media's motion to dismiss. *Id.* at 10.  The recommendation found that, while the doctrine of claim preclusion was inapplicable to the case, the doctrine of issue preclusion barred Mr. Hoid from bringing his claims against Gray Media. *See id.* at 8–10.  Judge Hegarty determined that Mr. Hoid had previously brought defamation claims in state court against a different news agency based on similar reporting and that the state court had dismissed his claims as barred by the statute of limitations. *See id.* (citing *Hoid v. CBS-4*, No. 2023CV000576 (Colo. Dist. Ct.)).  Finding that issue preclusion barred Mr. Hoid's claims, Judge Hegarty declined to consider Gray Media's alternative arguments. *Id.* at 10.

On January 2, 2025, Mr. Hoid filed the Notice of Supplemental Exhibit and Objection to Recommendation to Dismiss.  Docket No. 72.  The filing indicates that Mr. Hoid "ha[s] supplied notice of intent to file my response." *Id.* at 1.  Mr. Hoid does not indicate whether the response he refers to is a response to Judge Hegarty's recommendation or a response to Gray Media's motion to dismiss. *Id.*  The filing also

---

to dismiss is made pursuant to Colorado's Anti-SLAPP statute or Federal Rule of Civil Procedure 12(b).

states that "[h]ere now are my objections to the recent recommendation to dismiss with prejudice."  *Id.*  The Court, therefore, construes Mr. Hoid's filing as an objection to Judge Hegarty's recommendation.  On January 17, 2025, Mr. Hoid filed Plaintiff's Response.  Docket No. 76.  It is unclear whether Mr. Hoid's response is a response to the recommendation or a response to Gray Media's original motion to dismiss.[2]  *See id.*  Mr. Hoid attaches to his response a fifty-eight-page document that contains four "timelines."  *See* Docket No. 76-1.  In his response, Mr. Hoid states that:

> The time-lines describe all the offenses and make it very obvious that;
> 1) The Defendant[']s activities are not constitutionally protected; the "anti-Slapp" motion has to be denied.
> 2) I timely filed claims while incapacitated and under extraordinary circumstances.
> 3) Similar claims were filed erroneously and were dismissed WITHOUT prejudice so estoppel is not applicable.
> 4) The offenses were committed with malice intent.
> 5) The complaint must be amended in order to include all participants[.]
> 6) The people are demanding the truth and that their government does their job.

Docket No. 76 at 1.  The Court construes Mr. Hoid's response as a supplemental objection to Judge Hegarty's recommendation.[3]  Gray Media did not respond to Mr. Hoid's objections.

---

[2] In either case, the response is untimely.  A response to Gray Media's motion to dismiss was due on May 21, 2024  *See* D.C.COLO.LCivR 7.1(d) ("The responding party shall have 21 days after the date of service of a motion . . . in which to file a response.").  A response to Judge Hegarty's recommendation was due on December 27, 2024.  *See* Docket No. 64 at 10 ("Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned." (citing Fed. R. Civ. P. 72)).

[3] To the extent that Mr. Hoid's filing can be construed as a motion to amend the complaint based on Mr. Hoid's statement that the "complaint must be amended in order to include all participants," Docket No. 76 at 1, the motion is improper.  Pursuant to the Local Rules, "[a] motion shall not be included in a response or reply to the original motion.  A motion shall be filed as a separate document." D.C.COLO.LCivR 7.1(d).  The Local Rules also require a party seeking to file an amended pleading to attach the

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(b), the Court reviews de novo any part of a magistrate judge's recommendation on a dispositive matter that has been properly objected to. Fed. R. Civ. P. 72(b)(3) (courts must "determine de novo any part of the magistrate judge's disposition that has been properly objected to"). An objection is proper if it is specific enough to enable the Court "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In light of plaintiff's *pro se* status, the Court construes his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III. ANALYSIS

Mr. Hoid did not respond to Gray Media's motion to dismiss. Docket No. 64 at 1 n.1 ("the instant Motion has been pending for over *seven months*, which is ample time for Plaintiff to have researched his claims and prepared a Response"). "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also Maurer v.*

---

proposed amended pleading. D.C.COLO.LCivR 15.1(b). Mr. Hoid did not do so. The Tenth Circuit recognizes "the importance of Fed. R. Civ. P. 7(b) and ha[s] held that normally a court need not grant leave to amend when a party fails to file a formal motion." *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999); *see also Albers v. Bd. of Cnty. Comm'rs*, 771 F.3d 697, 706 (10th Cir. 2014) (affirming prejudicial dismissal and denial of request to amend made in response to motion to dismiss without formal motion); *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1238 n.4 (10th Cir. 2013) ("Where a plaintiff does not move for permission to amend the complaint, the district court commits no error by not granting such leave.").

4

*Idaho Dep't of Corr.*, 799 F. App'x 612, 614 n.1 (10th Cir. 2020) (unpublished).  Mr. Hoid has therefore waived any objection to Judge Hegarty's recommendation.  As such, the Court will overrule Mr. Hoid's objections and will accept the recommendation.

However, even if the Court were to consider his objections, Mr. Hoid has failed to demonstrate that Judge Hegarty erred in recommending that the Court dismiss his claims.  Although Judge Hegarty's recommendation does not consider whether Mr. Hoid's claims are barred by the statute of limitations, the Court considers this issue as an alternative basis for dismissing Mr. Hoid's claims.  *See United States v. James*, 2007 WL 2908886, at *1 n.3, 5 (E.D. Mo. Oct. 4, 2007) ("The Court upholds the finding of the Magistrate Judge's report and recommendation, however, on a different basis than that found by the Magistrate" because, although the dispositive argument "was not addressed in the Magistrate Judge's Report and Recommendation, . . . it was raised in the parties original briefs."); *see also Brown v. Comm'r of Soc. Sec.*, 969 F. Supp. 2d 433, 437 (W.D. Va. 2013) ("The district court may accept, reject, or modify the recommended disposition based on its *de novo* review of the recommendation and the objections made." (citing Fed. R. Civ. P. 72(b)(3))); *United States v. Franklin*, 694 F.3d 1, 6 n.2, 9 (11th Cir. 2012) (affirming district court "[e]ven though the district court rested its denial of Franklin's motion to dismiss on a different legal basis from those considered by the magistrate judge").

"Statutes of limitation are enacted to promote justice, discourage unnecessary delay, and forestall prosecution of stale claims."  *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1096 (Colo. 1996).  Under Colorado law, defamation claims have a one-year statute of limitations.  Colo. Rev. Stat. § 13-80-103(1)(a).  Mr. Hoid's defamation

5

claims arise from an article Gray Media posted online on November 18, 2020, at which point the statutory clock began to run. Docket No. 64 at 4; *Sieverding v. Colorado Bar Ass'n*, No. 02-cv-01950-EWN-OES, 2003 WL 22400218, at *24 (D. Colo. Oct. 14, 2003), *aff'd* 126 F. App'x 457 (10th Cir. 2005) (unpublished) ("Plaintiffs were required to bring any claim for libel or defamation within one year of the publication of the challenged statement." (citing *Russell v. McMillen,* 685 P.2d 255, 258 (Colo. App. 1984) (holding that a cause of action in libel "accrues when the defamatory statements are published"))). Mr. Hoid did not bring his claims against Gray Media until February 29, 2024. Docket No. 4.

Mr. Hoid asserts that he "timely filed claims while incapacitated and under extraordinary circumstances." Docket No. 76 at 1. Mr. Hoid's response provides no explanation for this statement. The fifty-eight-page exhibit that Mr. Hoid attaches to his response includes various vague annotations not focused on the issue of whether the statute of limitations bars his claim or whether extraordinary circumstances somehow toll the statute of limitations. *See* Docket No. 76-1. The Court has no obligation to parse the information in Mr. Hoid's exhibit for possible support for the proposition that he was incapacitated, *Hall*, 935 F.2d at 1110 (it is not the "proper function of the district court to assume the role of advocate for [a] pro se litigant"); *Certain Underwriters at Lloyd's London v. Garmin Int'l, Inc.*, 781 F.3d 1226, 1231 (10th Cir. 2015) (district court did not abuse its discretion by "refusing to sift through the voluminous exhibits in order to match the assertions in [defendant-appellant's] motion to his supporting documentation"), and therefore the Court will not consider Mr. Hoid's exhibit. Mr. Hoid's

6

assertion that he "timely filed claims while incapacitated" is not properly supported and the Court finds that the statute of limitations bars Mr. Hoid's defamation claims.

Alternatively, even if the Court did consider the allegations in Mr. Hoid's exhibit, the Court would find that it does not support Mr. Hoid's assertion that he was incapacitated such that he could not have filed his claims until February 29, 2024. Mr. Hoid appears to claim that he was incapacitated during the limitations period because he did not receive adequate medical treatment for his undiagnosed Type One Diabetes. *See*, *e.g.*, Docket No. 76-1 at 3–7.

Equitable tolling of a statute of limitations is appropriate in two circumstances: (1) "where the defendant's wrongful conduct prevented the plaintiff from asserting [his] claims in a timely manner," or (2) "where extraordinary circumstances make it impossible for the plaintiff to file [his] claims within the statutory period." *Brown v. Walker Com., Inc.*, 521 P.3d 1014, 1022 n.5 (Colo. 2022) (quoting *Dean Witter*, 911 P.2d at 1096–97). "This standard is far higher than that for excusable neglect." *Id.* Mr. Hoid has the burden of proving that the statute of limitations should be equitably tolled. *Gognat v. Ellsworth*, 224 P.3d 1039, 1049 (Colo. App. 2009), *aff'd*, 259 P.3d 497 (Colo. 2011) ("The plaintiff has the burden of establishing these elements.").

The Court construes Mr. Hoid's argument to be that he is entitled to equitable tolling of the statute of limitations in his case because the Colorado Department of Corrections' failure to treat his Type One Diabetes made him unable to file his claims until February 29, 2024. However, the statute of limitations began to run from the date when the allegedly defamatory article was published on November 18, 2020. *Russell*, 685 P.2d at 258. Gray Media has produced evidence that Mr. Hoid was not arrested

7

until November 27, 2020.  *See* Docket No. 9 at 9 (citing Docket No. 9-2 at 2, ¶ 5).  Mr. Hoid fails to show that he could not have filed his claims before he was arrested on November 27, 2020.  Moreover, Mr. Hoid does not address how long after he was arrested he became incapacitated.  Mr. Hoid's incarceration alone does not justify equitable tolling of the statute of limitations.  *Main v. Martin*, No. 06-cv-00232-WDM-MJW, 2009 WL 215404, at *7 (D. Colo. Jan. 22, 2009) ("Plaintiff's argument that the statute of limitations was tolled while he was incarcerated is without merit as Colorado does not recognize incarceration as a encumbrance that tolls the statute of limitations.").  Therefore, neither Mr. Hoid's objections, his response, nor his exhibit demonstrates that the statute of limitations should be equitably tolled.  Because this is a sufficient basis for dismissing Mr. Hoid's claims, the Court will not address Mr. Hoid's other objections.  Accordingly, even if the Court were to consider Mr. Hoid's objections, the Court would overrule Mr. Hoid's objections and would accept the recommendation that his claims be dismissed.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of Chief United States Magistrate Judge [Docket No. 64] is **ACCEPTED**.  It is further

**ORDERED** that Defendant Gray Media Group, Inc.'s Special Motion to Dismiss Plaintiff's Complaint (Anti-SLAPP Motion) Pursuant to § 13-20-1101(3)(a), C.R.S. [Docket No. 9] is **GRANTED**.  It is further

**ORDERED** that plaintiff's claims are **DISMISSED with prejudice**.[4]  It is further

**ORDERED** that this case is closed.

DATED February 5, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[4] "A dismissal based on the running of the statute of limitations is treated as dismissal with prejudice." *Gardner v. Schumacher*, 2023 WL 5352452, at *2 (D.N.M. Aug. 21, 2023) (citing *Rodriguez v. Colorado*, 521 F. App'x 670, 671 (10th Cir. 2013) (unpublished) (citing *Gocolay v. N.M. Fed. Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir. 1992))).